**BROWN KWON & LAM LLP**

Brown Kwon & Lam LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
Email: info@bkllawyers.com

May 2, 2022

**Via ECF**
The Madeline Cox Arleo, U.S.D.J.
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101

      RE: *Mazzara v. Robust Enterprise Corp., et al.*
         Case No. 2:21-cv-4609(MCA)(LDW)

Dear Judge Arleo:

   This firm represents Plaintiff Iolanda Mazzara in the above-referenced matter. We write, jointly with counsel for Defendants, to respectfully request judicial approval of the parties' Fair Labor Standards Act ("FLSA") settlement agreement, attached hereto as **Exhibit A** (the "Agreement"), as fair, reasonable and adequate. *See* 29 U.S.C. § 201 *et seq*.

   The Agreement resolves Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Law ("NJWL") for the total amount of $25,000.00. As part of this motion, Plaintiff's counsel requests one-third (1/3) in attorneys' fees ($8,001.47) plus costs ($995.25) from the total settlement amount for her wage and hour claims.

   The Agreement also separately contemplates a release of any, and all, potential employment discrimination claims that Plaintiff has asserted, or could have asserted, up until the date of the execution of the Agreement. The Agreement sets forth a total amount for $15,000.00 for Plaintiff's agreement to a release of any potential employment discrimination claims that she may have, of which, Plaintiff's counsel requests one-third (1/3) of such an amount for attorneys' fees ($5,000.00) from the total settlement amount for Plaintiff's employment discrimination claims.

   Here, the Parties submit that the terms of their proposed Agreement for Plaintiff's wage and hour claims are fair, reasonable, and adequate. For the reasons outlined below, the Court should approve this $25,000.00 settlement as a fair, reasonable, and adequate compromise of Plaintiff's wage and hour claims against Defendants.

## BACKGROUND

   On March 9, 2021, Plaintiff commenced this action, alleging that Defendants misclassified Plaintiff and a proposed class of entertainers as independent contractors, and as such, failed to compensate them for all of their hours worked at the prevailing New Jersey minimum wage rate and their overtime rate of time-and-a-half, in violation of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWL"). Plaintiff additionally alleged that Defendants illegally retained their gratuities, in violation of the FLSA and NJWL. Plaintiff further alleged that

Defendants engaged in discriminatory employment practices on the basis of national origin, in violation of the New Jersey Law Against Discrimination ("NJLAD"). Defendants deny these allegations and contend that Plaintiff and the other entertainers were properly classified as independent contractors, and as such, Defendants were not required to compensate the entertainers as employees as they were not subject to the provisions of the FLSA as independent contractors. Defendants further deny any allegations of discriminatory employment practices.

Defendants filed an Answer dated June 9, 2021, and an Amended Answer dated July 20, 2021. On August 20, 2021, the Court So-Ordered the Parties' stipulation regarding conditional collective certification. Following the opt-in period for a collective action, one individual opted-in to the collective, but filed her stipulation of dismissal without prejudice, which was So Ordered on January 19, 2022. The Parties engaged in formal paper discovery for Plaintiff. On or about February 8, 2022, the Parties successfully reached a settlement in principle.

The Parties' formal settlement agreement was fully executed on May 2, 2022. See **Exhibit A**. Although this lawsuit was initiated as a class and collective action, a class was never certified. Accordingly, the proposed Agreement is limited to the release of Plaintiff Iolanda Mazzara's individual wage claims, and does <u>not</u> release any claims of either the putative collective members or putative class members.

## **THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE**

Although the Third Circuit has not addressed whether FLSA settlements require judicial approval, courts in the Third Circuit have followed the majority position that such settlements required judicial approval. *See e.g.*, *Clarke v. Flik Int'l Corp.*, 2020 U.S. Dist. LEXIS 26306, at *1-2 (D.N.J. Feb. 14, 2020), *Jones v. SCO, Silver Care Operations LLC*, 2019 U.S. Dist. LEXIS 77644, at *1 (D.N.J. May 8, 2019). Moreover, courts in this Circuit have followed the approval process set forth by the Eleventh Circuit in *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See also Cruz v. JMC Holdings, Ltd.*, 2019 U.S. Dist. LEXIS 169701, at *3 (D.N.J. Sept. 30, 2019)(applying the standard set forth in *Lynn's Food Stores* to evaluate a proposed FLSA settlement agreement).

Pursuant to *Lynn's Food Stores*, "to approve a settlement under FLSA § 216(b), a district court must determine that the matter concerns a bona fide dispute and that the settlement is a 'fair and reasonable' resolution of the FLSA claims." 679 F.2d at 1355. First, "to constitute a bona fide dispute, the matter resolved by the settlement under review must present contested factual issues, not purely legal issues concerning the FLSA's applicability." *Clarke*, 2020 U.S. Dist. LEXIS 26306, at *5-6; *see also Brumley v. Camin Cargo Control, Inc.*, 2012 U.S. Dist. LEXIS 40599, at *6 (D.N.J. Mar. 26, 2012). Next, the court must consider whether the settlement reached by the parties is fair and reasonable. *Clarke*, 2020 U.S. Dist. LEXIS 26306, at *6-7. "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *Gabrielyan v. S.O. Rose Apartments LLC*, 2015 U.S. Dist. LEXIS 135615, at *3-4 (D.N.H. Oct. 5, 2015).

A. <u>The Settlement Concerns a *Bona Fide* Dispute</u>

Here, there is a *bona fide* dispute between the Parties. The dispute concerns whether Plaintiff was a covered person under the FLSA. Plaintiff alleged in the Amended Complaint that

she was misclassified as an independent contractor, and as such, was not compensated at the minimum wage for her hours worked under forty (40) per workweek, and at an overtime rate for her hours which exceeded forty (40) per workweek, in violation of the minimum wage and overtime provisions under the FLSA. 29 U.S.C. §§ 206 and 207; *see* Amended Complaint at ¶ 57, Dkt No. 31. Plaintiff alleged that from in or around December 2018 through in or around March 2020, she was not compensated any base wages. *See* Amended Complaint at ¶ 61, Dkt. No. 31. As such, Plaintiff claims that she is owed unpaid minimum wages and overtime wages for all hours worked. On the other hand, Defendants alleged that Plaintiff was properly classified as an independent contractor, and as such, Plaintiff was not a covered employee under the FLSA, thereby exempt from the minimum wage and overtime provisions of the FLSA.

The Parties have completed the majority of formal document discovery regarding the factual allegations in this matter. If the parties were to continue litigation, the remaining discovery would be to conduct all party depositions. As such, the Parties have spent significant time and effort on discovery, including the exchange of documents and damage calculations. Moreover, if the Parties were to continue with litigation, the herein matter would require extensive legal briefing from both sides as to the independent contractor issue. As such, had the Parties not been able to negotiate a settlement, *bona fide* factual and legal disputes would exist for the Court to resolve. For these reasons, there is a *bona fide* dispute between the parties.

B. The Settlement is Fair and Reasonable

Here, the second factor also favors judicial approval of the proposed settlement as the settlement agreement is fair and reasonable to Plaintiff. Based on estimated damages calculations, Plaintiff's range of possible recovery for her unpaid wages, liquidated damages, tip misappropriation, and tip-out claims was between $0 and $126,605.80. In a best-case scenario, assuming that all of the disputed facts alleged by Plaintiff are entirely correct and that Plaintiff would prevail on all claims, Plaintiff's calculation of damages amounts to $126,605.80, representing $25,544.80 in unpaid minimum wages, $2,700.60 in unpaid overtime wages, $28,245.40 in liquidated damages, $37,900.00 in misappropriated tips, and $32,215.00 for her tip-out claims. See **Exhibit B** for Plaintiff's assumptions and calculation of damages.

The $25,000.00 settlement amount provides a significant recovery of her unpaid wages, nearly 89% of Plaintiff's best-case, owed wages, not including any liquidated damages misappropriated tips, or tip-out. Comparatively, the $25,000.00 settlement amount is approximately 20% of her best-case scenario, including her liquidated damages, misappropriated tips, and tip-out. Although the 20% of her best-case scenario is a modest recovery, in light of the litigation risks discussed below, the settlement recovery is a fair and reasonable result as it is 89% of her best-case, owed minimum wage and overtime wages.

Defendants continue to maintain that Plaintiff was at all times exempt from the minimum wage and overtime provisions of the FLSA. Plaintiff's position, on the other hand, is that Defendants misclassified her, and as such, failed to compensate her properly for all hours worked. However, in the event that Plaintiff continues with litigation and is found to have been properly classified as an independent contractor, Plaintiff's recovery would be reduced to $0.

Even if Plaintiff was misclassified, both sides would nonetheless face serious litigation risks relating to damages and liability, including establishing Plaintiff's actual hours worked and whether any gratuities were illegally retained. Although the estimated damage calculations were

3

based on Plaintiff's allegations, which had set forth workweeks of six (6) workdays per week for a majority of her time with Defendants, schedules produced by Defendants showed that six-day workweeks were less frequent than alleged, which would significantly reduce her maximum recovery. Moreover, with respect to the tip misappropriation claim, there is significant factual and legal issues surrounding whether Plaintiff would be entitled to damages for her tip misappropriation claim as the claim turns on the customer's understanding of whether the gratuities paid to Plaintiff were considered gratuities or service charges. If Plaintiff is found to not be entitled to any tip misappropriation claim, her recovery would be further reduced by 30%.

In light of the litigation risks, Plaintiff believes it to be in her best interest to receive an expedient settlement payment rather than escalate the costs, burdens, and risks of further litigation and trial. Plaintiff believes that the settlement amount is a fair result, accounting for a significant percentage of the alleged unpaid wages owed (89%), while eliminating the burdens and risks of trial. While Plaintiff is confident that she would ultimately be able to establish liability, this would require significant time and prolonged litigation, including extensive testimony to determine her hours worked and the amount, if any, for misappropriated tips and tip-out. Accordingly, this settlement recovery of nearly 89% of her unpaid wages is a fair and reasonable result of the *bona fide* disputes.

    C.   <u>The Settlement Does Not Frustrate the Implementation of the FLSA</u>

Third, the Agreement does <u>not</u> frustrate the purpose of the FLSA. "Indicia of a compromise which runs counter to the FLSA's purposes of protecting workers include confidentiality clauses and overly broad release provisions." *Clarke*, 2020 U.S. Dist. LEXIS 26306, at *10-11. Here, the Agreement does not contain either an overly broad general release or a confidentiality provision. *See* **Exhibit A**.

Although the Agreement contains a provision, agreed upon by the Parties, to not reach out to media to publicize the terms of the Agreement, such a provision does not constitute a confidentiality clause and does not limit or restrict Plaintiff's ability to discuss or reach out to other entertainers regarding either the lawsuit or the terms of the settlement, the terms of which is public information as the Agreement is subject to judicial approval. *See* **Exhibit A**, ¶ 19.

With respect to the release, the Agreement sets forth two releases, one specifically for Plaintiff's wage and hour claims and one specifically for Plaintiff's employment discrimination claims. *See* **Exhibit A**, ¶ 6. As such, the Settlement is not impermissibly broad and does not release any claims not alleged in the above-captioned matter.

Lastly, as will be discussed below, Plaintiff's counsel's requested attorneys' fees are not excessive as they only seek one-third of the settlement for her wage and hour claims, which is typical of FLSA cases. Plaintiff's counsel's requested attorneys' fees for Plaintiff's employment discrimination claims also provides for attorneys' fees in the amount of one-third of the settlement amount. Therefore, Plaintiff respectfully requests that the Court find that the Agreement is a "fair and reasonable" compromise of her FLSA claims against Defendants and approve the settlement.

**<u>THE REQUESTED ATTORNEYS' FEES AND COSTS ARE FAIR AND REASONABLE</u>**

Plaintiff further seeks approval of attorneys' fees and costs. "To determine the reasonableness of an attorneys' fee award in a FLSA collective action, judicial review is required to 'assure both that counsel is compensated adequately and that no conflict of interest taints the

amount the wronged employee recovers under a settlement agreement.'" *Clarke*, 2020 U.S. Dist. LEXIS 26306, at *9, citing *Brumley*, 2012 U.S. Dist. LEXIS 40599, at *9 (internal citations omitted).

In accordance with Plaintiff's contingency-fee basis retainer agreement with Plaintiff's counsel, the Agreement provides that for Plaintiff's wage and hour claims, Plaintiff's counsel will recover $8,996.72, equaling (i) $995.25 in reimbursement of costs (i.e., ECF filing fee and service of process cost) and (ii) $8,001.47 in attorneys' fees, which is one-third of the $25,000.00 settlement amount after deduction of the $995.25 in costs. See **Exhibit A**, ¶ 8. The amount requested for attorneys' fees is fair and reasonable as it was the fee agreed upon by Plaintiff in her retainer agreement, and a contingency fee of one-third is sufficient to account for the risks associated with representation. Plaintiff's counsel's requested attorneys' fees for Plaintiff's employment discrimination claims also similarly provides for attorneys' fees in the amount of one-third of the settlement amount for her employment discrimination claims.

Notwithstanding the foregoing, Plaintiff's counsel has worked without any compensation to date, and Plaintiff's counsel's fees have been wholly contingent upon the result achieved. As of the date of this filing, Plaintiff's counsel has spent approximately 87.0 hours investigating, researching, and litigating Plaintiff's claims, serving and responding to written discovery requests, reviewing and analyzing records produced by Defendants, preparing Plaintiff for her deposition, and negotiating and executing the settlement, for a lodestar of $34,800.00. *See* **Exhibit C** for Plaintiff's counsel's contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done, and an itemization of costs.

Lastly, Plaintiff's counsel expended $995.25 on the ECF filing fee, cost for service of process, and cost for copies of medical records. *See* **Exhibit C**. As such, Plaintiff's counsel's attorneys' fees and costs are fair and reasonable and should be approved by the Court.

*             *             *

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the attached settlement agreement. We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Clara Lam*

Clara Lam, Esq.
clam@bkllawyers.com

cc: all parties via ECF