UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IOLANDA MAZZARA, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>   -against-<br><br>ROBUST ENTERPRISE CORP. d/b/a LACE WAYNE and SIMONE MIR,<br><br>       Defendants. | **CIVIL ACTION NUMBER: 2:21-CV-4609**<br><br>**ORDER GRANTING APPROVAL OF SETTLEMENT AND DISMISSING THE COMPLAINT WITH PREJUDICE** |

HONORABLE MADELINE COX ARLEO, UNITED STATES DISTRICT JUDGE

  **WHEREAS**, on March 9, 2021, Named Plaintiff Iolanda Mazzara ("Named Plaintiff") filed a putative class action complaint (the "Complaint") against Robust Enterprise Corp. d/b/a Lace Wayne and Simone Mir (collectively, "Defendants" and together with Mazzara, collectively referred to herein as the "Parties" or each individually as a "Party"), captioned *Mazzara, et al. v. Robust Enterprise Corp., et al.*, Civil Action Number 2:21-CV-4609, on behalf of a putative class ("Proposed Class") consisting of herself and all other current and former employees of Defendants, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New Jersey Wage and Hour Law ("NJWL") N.J.S.A. 34:11-56a *et seq.*, entitling her and the Proposed Class to recover unpaid minimum wages, unpaid overtime wages, unlawfully deducted wages, unlawfully retained gratuities, liquidated damages, and attorneys' fees and costs against Defendants, and individually alleging that Defendants violated the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq.*, by engaging in discriminatory employment practices and bias-based harassment on the basis of her national origin entitling her

20

to recover economic damages, compensatory damages, punitive damages, and attorneys' fees and costs (the "Action");

**WHEREAS,** Lace Wayne filed an Answer dated June 9, 2021 and an Amended Answer dated July 20, 2021, denying Mazzara's claims in their entirety;

**WHEREAS,** on August 20, 2021, the Court so-ordered the Parties' stipulation regarding conditional collective certification pursuant to 29 U.S.C. § 216(b) and notice to the conditional collective was mailed;

**WHEREAS,** a single individual, Alexis Santos ("Santos"), provided consent to join the conditional collective pursuant to 29 U.S.C. § 216(b) by the October 28, 2021 deadline;

**WHEREAS,** Plaintiff filed a First Amended Complaint ("FAC"), dated November 3, 2021, adding Santos as a named plaintiff in the Action and allegations relative to Santos' association with Lace Wayne;

**WHEREAS,** Lace Wayne filed an Answer to Plaintiff's FAC, dated November 15, 2021, denying the claims in the FAC in their entirety;

**WHEREAS,** On January 12, 2022, Santos filed a Stipulation of Dismissal without prejudice as to Santos's claims against Defendants;

**WHEREAS,** formal paper discovery was undertaken by the Parties in relation to the Action, including the exchange of responses to document demands and interrogatories;

**WHEREAS,** no depositions have been conducted in relation to the Action;

**WHEREAS**, Mazzara has been represented by Brown Kwon & Lam, LLP in relation to the Action;

**WHEREAS**, Lace Wayne has been represented by Peckar & Abramson, P.C. in relation to the Action;

**WHEREAS**, on _____May 2, 2022_____, the Named Plaintiff and Defendants entered into a Stipulation of Settlement and Release Agreement ("Settlement Agreement"), evidencing a desire to fully, finally and absolutely settle and resolve any and all potential disputes between and among the Parties, and to fully, finally and absolutely settle any such claims alleged in the Complaint;

**WHEREAS**, the Court has reviewed and considered the proposed Settlement Agreement, Named Plaintiff's Memorandum of Support of the Motion for Approval of the Settlement Agreement dated _____May 2, 2022_____;

**WHEREAS**, all of the terms of the proposed Settlement Agreement are subject to the Court's approval; and

**NOW, THEREFORE, GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED ADJUDGED AND DECREED AS FOLLOWS:**

(a) <u>Jurisdiction</u>:  The Court finds that the District Court has personal jurisdiction and subject matter jurisdiction over (i) the claims asserted in the Complaint, and (ii) the terms of this Stipulation (including the Release) and all exhibits to this Stipulation.

(b) <u>Approval of the Proposed Settlement</u>:  The Court hereby approves the proposed settlement as set forth in the Settlement Agreement and finds that its terms of fair, reasonable, and adequate.  The terms are consistent and in compliance with the applicable provisions of the United States Constitution and are in the best interests of the Parties.  The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and provisions and declare this Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits in federal or state court, or in any other legal,

administrative or regulatory proceedings that are commenced or maintained by or on behalf of Named Plaintiff against Defendants.

(c)  <u>Attorneys' Fees and Costs</u>:  The Court hereby approves the requested attorneys' fees and costs as set forth in the Settlement Agreement.

(d)  <u>Dismissal of this Action</u>:  This Action is dismissed, on the merits with prejudice, without fees or costs to the Parties, except as provided in this Order according to the terms and provisions of the Settlement Agreement.

(e)  <u>Release</u>:  This Order incorporates and sets forth in full the release in Paragraph 6 of the Settlement Agreement, and makes the release effective as of the Effective Date as provided in the Settlement Agreement.

(f)  Without affecting the finality of this Order for purposes of appeal, the District Court will retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Order Granting Approval of Settlement and Dismissing the Complaint With Prejudice, and for any other necessary purpose.

(g)  This Order will incorporate any other provisions as the District Court deems necessary and just.

Dated: May 4, 2022

SO ORDERED:

_____
HONORABLE MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE

23